IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Tommy Henderson, | ) | C/A No. 0:19-373-TLW-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Angela Gregory, *Secretary of State South Carolina*, | ) | |
| Defendant. | ) | |

The plaintiff, Tommy Henderson, a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.     Factual and Procedural Background**

Initially, the court notes that Plaintiff's Complaint lacks sufficient factual matter to state a recognizable claim for relief. Plaintiff indicates the court has jurisdiction over this action pursuant to Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and two United States Supreme Court cases that concern notifying beneficiaries of trusts and notification for garnishment of wages. (Compl., ECF No. 1 at 1.) Plaintiff purports to sue Angela Gregory, whom Plaintiff lists as the South Carolina Secretary of State,[1] and Plaintiff provides no other information about her. (Id. at 1-2.) Plaintiff indicates he sent Gregory a "claim of commercial lien and affidavit"

---

[1] The court takes judicial notice that South Carolina's current Secretary of State is Mark Hammond. See https://www.scsos.com.

in 2017, but Gregory did not respond within ninety days. (Id. at 3.) Plaintiff then sent Gregory a "notice and demand" for copies of state laws about Gregory's authority and her South Carolina Bar number. (Id. at 4.) In early 2018, Plaintiff sent Gregory a "notice" on the law of principal and agent and, after she did not respond again, he sent her a "notice of default." (Id. at 5.) Plaintiff asserts three causes of action—"unalienable right to due process," "exceeding jurisdiction," and "fraud/prejudice"—and seeks an injunction preventing Gregory "to not exceed jurisdiction" and seeks damages. (Id. 3-5, 7.)

**II. Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

    B.    **Analysis**

The court concludes Plaintiff fails to state a claim upon which relief can be granted because the Complaint fails to identify a legal right upon which Plaintiff could be entitled to relief. Plaintiff's use of phrases like "due process" and "fraud," without more, fails to provide a sufficient basis to form a recognizable legal cause of action. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Also, Plaintiff fails to provide sufficient facts about the named defendant, Angela Gregory, that would show that Plaintiff has a right to recovery against her. Id.

Plaintiff incorrectly identifies Gregory as the South Carolina Secretary of State. To the extent Plaintiff asserts that Gregory is an official in the office of the Secretary of State, Plaintiff would have to bring his claims pursuant to 42 U.S.C. § 1983.[2] A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

---

[2] Plaintiff indicates he files this action pursuant to Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), but a Bivens cause of action is a remedy for plaintiffs alleging certain constitutional violations by *federal* officials to obtain monetary damages in suits against federal officials in their individual capacities. Plaintiff has not provided any facts that would suggest a federal official is involved in this matter.



color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).[3] A plaintiff also must allege that the named defendant caused the constitutional violation. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).

The only federal right Plaintiff references in the Complaint is "due process." To prevail on a procedural or substantive due process claim pursuant to the Fourteenth Amendment, a plaintiff must first demonstrate that he was deprived of life, liberty, or property by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir.1997). "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015); see also Snider Intern. Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 146 (4th Cir. 2014) ("[P]rocedural due process requires fair notice of impending state action and an opportunity to be heard.") (citing Mathews, 424 U.S. at 333). On the other hand, substantive due process "bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" Zinermon v. Burch, 494 U.S. 113, 125 (1990) (citing Daniels v. Williams, 474

---

[3] To the extent Plaintiff attempts to assert a claim pursuant to § 1983, the Complaint does not contain sufficient facts to show that Gregory is a state actor. West, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982).

U.S. 327, 331 (1986)). To state a substantive due process claim, a plaintiff must plausibly allege facts showing "(1) that [he] had property or a property interest; (2) that the state deprived [him] of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." Tri Cty. Paving, Inc. v. Ashe Cty., 281 F.3d 430, 440 (4th Cir. 2002). Here, Plaintiff fails to identify a recognizable liberty or property interest of which he has been deprived.

Based on the foregoing, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[4] In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro se* complaint form attached to the order. Plaintiff should use the complaint form attached to that order to correct the deficiencies identified here. If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A.

---

[4] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

PJG

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 6, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS _BEFORE_ YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to **_ALL_** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).