IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Henderson, | C/A No. 0:19-373-TLW-PJG |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Angela Gregory, | |
| Defendant. | |

The plaintiff, Tommy Henderson, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1915.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). By order dated March 6, 2019, the court provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to 28 U.S.C. § 1915A.[2] (ECF No. 8.) Plaintiff filed an Amended Complaint on March 18, 2019. (ECF No. 10.) Having reviewed the Amended Complaint in accordance with applicable law, the court concludes the Amended Complaint still fails

---

[1] The court originally reviewed this matter under 28 U.S.C. § 1915A because Plaintiff was incarcerated at the time he filed the original complaint. However Plaintiff is no longer incarcerated, and it is unclear whether § 1915A is still applicable after a prisoner is released, where the suit does not involve matter related to the plaintiff's incarceration. See generally Johnson v. Hill, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997). Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construes as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF Nos. 2 & 11.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. See Flint v. Haynes, 651 F.2d 970, 972-74 (4th Cir. 1981). Consequently, the court now reviews this matter under § 1915.

[2] The standards for dismissal under § 1915 and § 1915A are identical.

to state a viable claim and should be summarily dismissed without prejudice and issuance of service of process.

I.      **Factual and Procedural Background**

In the original complaint Plaintiff indicated the court had jurisdiction over this action pursuant to <u>Bivens v. Six Unkown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and two United States Supreme Court cases that concern notifying beneficiaries of trusts and notification for garnishment of wages. (Compl., ECF No. 1 at 1.) Plaintiff purported to sue Angela Gregory, whom Plaintiff listed as the South Carolina Secretary of State,[3] and Plaintiff provided no other information about her. (<u>Id.</u> at 1-2.) Plaintiff indicated he sent Gregory a "claim of commercial lien and affidavit" in 2017, but Gregory did not respond within ninety days. (<u>Id.</u> at 3.) Plaintiff then sent Gregory a "notice and demand" for copies of state laws about Gregory's authority and her South Carolina Bar number. (<u>Id.</u> at 4.) In early 2018, Plaintiff sent Gregory a "notice" on the law of principal and agent and, after she did not respond again, he sent her a "notice of default." (<u>Id.</u> at 5.) Plaintiff asserted three causes of action—"unalienable right to due process," "exceeding jurisdiction," and "fraud/prejudice"—and sought an injunction preventing Gregory "to not exceed jurisdiction" and seeks damages. (<u>Id.</u> 3-5, 7.)

In the Amended Complaint, Plaintiff claims he seeks damages against Gregory for violations of the Fifth and Fourteenth Amendments. (Am. Compl., ECF No. 10 at 3, 5.) Plaintiff claims Gregory signed for his lien, but he never received notice indicating that his lien was filed or

---

[3] The court takes judicial notice that South Carolina's current Secretary of State is Mark Hammond. See https://www.scsos.com.



recorded. (Id. at 5.) Plaintiff claims this violated his right to due process, and that Gregory acted in excess of her "jurisdiction." (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint. The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901

F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

    B.    **Analysis**

The court finds that despite having availed himself of the opportunity to cure the deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless be summarily dismissed because the Amended Complaint still fails to state a claim upon which relief can be granted. See Martin v. Duffy, 858 F.3d 239, 247-48 (4th Cir. 2017) (finding the plaintiff's "repeated, ineffective attempts an amendment" suggest further amendment would be futile).

Specifically, Plaintiff has failed to identify a liberty or property interest of which he has been deprived by the defendant, and he fails to provide sufficient facts to plausibly show that the defendant is a state actor who was personally involved in the purported violation of Plaintiff's right due process. (See Order Regarding Amendment, ECF No. 8 at 3-5.) To the extent Plaintiff seeks to raise a claim other than for a violation of his right to due process pursuant to 42 U.S.C. § 1983, Plaintiff's claim that Gregory signed for a lien without providing notice that the lien was filed or recorded fails to state sufficient facts to indicate what legal cause of action he intends to pursue in this case, or why he would be entitled to relief against Gregory. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Consequently, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.     Conclusion**

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
March 29, 2019                                                          Paige J. Gossett
Columbia, South Carolina                                       UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).